**B1H4 (FORM 104) (08/07)**

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

RECEIVED AND FILED
2008 JAN 32 PM 2:57
DISTRICT OF PUERTO RICO

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Dr. Osiris Delgado and Emma Teresa Benitez | Ridel Alegre Fernandez Rosado Wilfredo Segarra (Trustee) |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) Wilfredo A. Geigel Law Offices of Wilfredo A. Geigel PO Box 25749 GBS, VI 00824 | **ATTORNEYS** (If Known) Ramon F. Lopez Rivera PO Box 34173 Ft. Buchanan, PR 00934 |
| **PARTY** (Check One Box Only) ☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin ☒ Creditor ☐ Other ☐ Trustee | **PARTY** (Check One Box Only) ☒ Debtor ☐ U.S. Trustee/Bankruptcy Admin ☐ Creditor ☐ Other ☒ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Objection to dischargeability due to debtor's failure to pay for works of art obtained on consignment after receiving money

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☒ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 58,000.00 |
| Other Relief Sought | |

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES |||
|---|---|---|
| NAME OF DEBTOR<br>Ridel Alegre Fernandez Rosado | BANKRUPTCY CASE NO.<br>07-5891 ||
| DISTRICT IN WHICH CASE IS PENDING<br>Puerto Rico | DIVISION OFFICE | NAME OF JUDGE<br>Enrique Lamoutte |
| RELATED ADVERSARY PROCEEDING (IF ANY) |||
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/ [signature] |||
| DATE<br>January 24, 2008 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Wilfredo A. Geigel ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 07-05871 ESL |
| RIDEL ALEGRE FERNANDEZ ROSADO | CHAPTER 7 |
| XXX-XX-3532 | |
| Debtor(s) | |
| Dr. OSIRIS DELGADO and EMMA TERESA BENITEZ, | ADVERSARY PROCEEDING NO. |
| Plaintiff, | OBJECTION TO DISCHARGE |
| v. | |
| RIDEL ALEGRE FERNANDEZ ROSADO, (Debtor); WILFREDO SEGARRA (Trustee), | |
| Defendants. | |

**COMPLAINT**

To The Honorable Court:

COME NOW creditors Dr. Osiris Delgado and Emma Teresa Benitez through their undersigned attorney and respectfully allege:

**I. Jurisdiction**

This is an adversary proceeding to determine the dischargeability of debts of Debtor with creditors (plaintiffs).

This is a core proceeding over which this Court has jurisdiction under title 28 USC Section 157(b) and Section 1334.

## II. The Parties

1. Dr. Osiris Delgado is an artist and professor of art history and the owner and artist of the painting "San Francisco de Asis."

2. Emma Teresa Benitez is the widow of the artist Andres Bueso and the owner of the painting done by her husband "Baile Sobre San Juan," "Bajo los Arcos," and "Sobrevivientes."

3. Defendant, Ridel Fernandez is an art dealer who operated an art gallery on under the name Galeria Ridel in Rio Piedras Puerto Rico.

4. Wilfredo Segarra is the standing trustee in the present case.

5. Ridel Fernandez entered into an agreement with Dr. Osiris Delgdo and Emma Teresa Benitez for the purchase and sale of the above paintings.

## III. The Facts

1. As part of a verbal agreement between plaintiffs and defendant indicating the price to be paid to them and to which defendants would add his commission for the resale of the painting to art collectors.

2. It was agreed between the parties that upon receipt of payment of each painting defendant would remit the corresponding payment for the works delivered to defendant in consignment

3. Defendant would exhibit the paintings in his gallery or enter agreements with other dealers to negotiate the sale of the paintings with private collectors.

4. At no time did plaintiffs transfer title or ownership of the paintings to defendant.

5. Plaintiff Osiris Delgado agreed with defendant that "San Francisco de Asis" would be valued at $25,000. It was agreed between Benitez and defendant that "Baile Sobre San Juan" had a value of $8,000, "Bajo los Arcos" had a value of $10,000 and "Sobrevivientes" was valued at $15,000.

6. It appears from testimony rendered by defendant that he entered similar agreements with artists and owners of works of arts on consignment and failed to pay for them.

7. During the hearing debtor specifically acknowledged receiving payments on sales he made, but never paying the owners of the works of art.

8. Debtor testified not having been paid for a work of art which was "false," using that as an excuse not to pay creditors, when in fact he did receive payment for the so called "fake."

9. It is plaintiffs' contention that defendant obtained all the works of arts which are subject of his bankruptcy petition by false pretenses and false representations and promises, receiving payment for those works of art and purposely and intentionally failing to pay the owners when the money was received.

10. On several occasions plaintiffs approached defendant requesting payment and he purposely lied saying either that he had not sold the painting or that he had not been paid or that he would pay shortly. All of which he knew was false and with intention to defraud the plaintiffs and other people.

11. Debtor may have committed further fraud by making a "cession en pago" of his remittance for alleged personal debts to his assignee when according to his testimony at the hearing, he used those funds to pay employee salaries of corporate personnel and other items which were not personal. It appears that the "cession en pago" was not an arm length transaction but one in anticipation of non-payments to creditors and protection of assets from attached.

## IV. Causes of Action

1. Section 523(a)(2) provides that a discharge under Section 727 of the Code does not discharge an individual debtor for any debt for money, or property to the extent obtained by (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or insider financial condition.

2. Defendant intentionally by false pretenses and intentional false representation or actual fraud induced plaintiffs to deliver the works of arts even when he knew that payments were not going to be made.

3. Plaintiffs justifiable relied on debtor's friendship and previous experiences at the time when the works of art were delivered to defendant. More so when plaintiffs retained the title and no selling agreements were signed in order for defendant to obtain title or ownership of the works of arts.

4. Section 523(a)(4) provides that a discharge under section 727 of the Code does not discharge an individual debtor for many debt-for-fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny.

5. Embezzlement is the fraudulent appropriation of property belonging to another person by a person in lawful possession of that property.

6. Defendant committed embezzlement by intentionally misappropriated plaintiffs' property that was lawfully under their custody, sold the property and did not delivered the proceeds of the transaction to plaintiffs.

7. In support of the claim of fraud co-plaintiff Osiris Delgado filed criminal charges against defendant on November 1, 2007.

8. Defendant's debt to plaintiffs are not dischargeable under Section 523(a)(20(A) and 523(a)(4).

WHEREFORE, plaintiffs pray that the discharge of debtor (defendant) debts to plaintiffs are no dischargeable, and plaintiffs have such other and further relief as is just, including reasonable costs and attorney's fees.

Proceedings.

Respectfully submitted,

By: _____
Wilfredo A. Geigel
USDC No.
Law Offices of Wilfredo A. Geigel
20 Anchor Way/P.O. Box 25749
Gallows Bay, St. Croix
U.S. Virgin Islands 00824
Tel: (340) 778-8069
wageigel@islands.vi

CERTIFICATE OF SERVICE: that a true and correct copy was served by US mail, upon:

| | |
|---|---|
| Ramon F. Lopez Rivera<br>PO Box 34173<br>Ft. Buchanan, PR 00934<br>rlrcar@caribe.net | Wilfredo Segarra Miranda<br>PO Box 9023385<br>San Juan, PR 00902-3385<br>segarralaw@prtc.net |
| Monsita Lecaroz Arribas<br>Office of the US Trustee<br>Ochoa Building<br>500 Tanca Street, Suite 301<br>San Juan, PR 00901<br>ustpregion21.hr.ecf@usdoj.gov | Ridel Alegre Fernandez Rosado<br>Urb. Villa Nevarez 310 Calle 32<br>San Juan, PR 00927<br><br>Eduardo J. Corretjer Reyes<br>ejcr98@yahoo.com |
| Rosamar Garcia Fontan<br>quiebras@bppr.com | |