IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                          CASE NO. 07-05871 (ESL)

RIDEL ALEGRE FERNANDEZ ROSADO                   CHAPTER 7

    Debtor

ORDER

This case is before the court upon the "Debtor's Request For Reconsideration Of Dismissal Pursuant To FRBP 7055(c) & FRCP 55(c)" (the "Motion for Reconsideration") filed by Ridel Alegre Fernández Rosado (the "Debtor") on June 1, 2009 (Docket No. 67), of the order entered in this case on May 29, 2009 (Docket No. 60) in favor of Celedonio Corredera Pablo, Pablo López Baez, Emma Teresa Benítez and Osiris Delgado (the "Creditors"), dismissing this case for the reasons stated in Creditors' motion to dismiss (Docket Nos. 55 and 56). On June 19, 2009, Creditors filed an opposition to Debtor's Motion for Reconsideration (Docket No. 69). For the reasons stated below the Motion for Reconsideration is hereby granted.

*Fed. R. Civ. P. 59(e)*

A motion for reconsideration of an order or judgment is not recognized by the Federal Rules of Civil Procedure. In re Pabon Rodriguez, 233 B.R. 212, 218 (Bankr. D.P.R. 1999) *aff'd*, 2001 WL 958803 (1st Cir. 2001) (citing Vank Skiver v. United States 952 F.2d 1241, 1243 (10th Cir. 1991)). Federal courts treat such a motion as either a motion to alter or amend judgment under Fed. R. Civ. P 59(e) or a motion for relief of judgment under Fed. R. Civ. P. 60(b). "These two rules are distinct; they serve different purposes and produce different consequences. Which rule applies depends essentially on the time a motion is served. If a motion is served within ten days of the rendition of judgment, the motion ordinarily will fall under Rule 59(e). If the motion is served after that time, it falls under Rule 60(b)." Id. In the instant case Plaintiff's Motion for Reconsideration was filed three (3) days after the order for which reconsideration is sought was entered. Therefore, the motion will be treated as one filed under Fed. R. Civ. P. 59(e) made applicable here through Fed. R. Bank. P.

9023.

Fed. R. Civ. P. 59(e) authorizes the filing of a written motion to alter or amend a judgment after its entry. The motion must demonstrate the "reason why the court should reconsider its prior decision" and "must set forth facts or law of a strongly convincing nature" to induce the court to reverse its earlier decision. Pabon Rodriguez, 233 B.R. at 218 (citations omitted). The movant "must either clearly establish a manifest error of law or must present newly discovered evidence". Id. The party cannot use a Rule 59(e) motion to cure its own procedural failures or to introduce new evidence or advance arguments that could and should have been presented originally to the court. Id. Generally, when a party is made aware that a particular issue will be relevant to its case but fails to produce readily available evidence pertaining to that issue, the party may not introduce that evidence to support a Rule 59(e) motion. Id. Neither can the party use this motion to raise novel legal theories that it had the ability to address in first instance. Id. The federal courts have consistently stated that a motion for reconsideration of a previous order is an extraordinary remedy that must be used sparingly because of interest in finality and conservation of scarce judicial resources. Id. In practice, Fed. R. Civ. P. 59(e) motions are typically denied because of the narrow purposes for which they are intended. Id.

*Plaintiffs' Arguments & Discussion*

In the Motion for Reconsideration, Debtor presents four (4) arguments as to why the court should reconsider the order granted by this court dismissing this case.

Debtor's first argues that Creditors' motion to dismiss required that all creditors and parties in interest be served and noticed and that the debtor be served by summons. P.R. LBR 9014-1(b) establishes that the, "[m]ovant must serve the motion by mail in the manner provided by Fed. R. Bankr. P. 7004, unless another manner of service is ordered by the Court. Except for relief from stay motions, no summons is required. Movant must file with the Clerk a certificate of service that complies with LBR 9013-3." P.R. LBR 9014-1(b). Thus, it is unequivocally clear that no summons is required to serve a motion to dismiss upon a party. Debtor's also brings forth the argument that the motion to dismiss was not served nor noticed to all creditors and parties in interest. Creditors' in their opposition to the Motion for Reconsideration clarify that, "[i]n the case at hand, the Movants gave

2

electronic notice to Debtor's counsel, to the U.S. Trustee, to the Chapter 7 Trustee, and to all parties who had filed a notice of appearance, except to Debtor and to Popular Auto, to whom notice was sent via First Class mail postage pre-paid, even though by excusable mistake the Movants failed to state so." (Opposition to Motion for Reconsideration, paragraph #8). This court finds that Creditors failure to include that notice was sent to Popular Auto by First Class mail in their motion to dismiss (despite the fact that notice was actually sent to Popular Auto) does not constitute a manifest error of law.

For the reasons stated above, Debtor's first argument fails to clearly establish a manifest error of law nor present newly discovered evidence.

Debtor's second argument is that the order (Docket No. 60) granting the motion to dismiss on May 29, 2009 was issued prematurely by the court. The motion to dismiss was jointly filed by the Creditors on April 28, 2009 (Dockets No. 55 and 56). Debtor argues that pursuant to Fed. R. Bankr. P. 9006(a) and 9006(f) he was entitled to an additional three (3) days after the thirty (30) day prescribed period to respond to the motion to dismiss, since the debtor receives the certificate of service (notice) by first class mail pursuant to Fed. R. Bankr. P. 9014(b) and Fed. R. Bankr. P. 7004(b) and 7004(g). Thus, the due date of debtor's opposition to the motion to dismiss would technically fall on Monday, June 1, 2001. Creditors' in their opposition to the Motion for Reconsideration acknowledge that Debtor was entitled to three (3) additional days to respond to the motion to dismiss by stating the following, "However, because service was properly made by mail, Fernández was entitled to an additional three (3) days to file a response, effectively extending the deadline to oppose the Motion to Dismiss to June 1, 2009 (Opposition To "Debtor's Request For Reconsideration Of Dismissal Pursuant to FRBP 7055(c) and FRCP 55(c)," paragraph #10). The other argument Creditors' present regarding this particular issue is that it seems the court entered the order dismissing the case *sua sponte*, pursuant to 11 U.S.C. §105 of the Bankruptcy Code and thus, it did not have to wait the thirty (30) day period provided to respond to the motion to dismiss (Opposition To "Debtor's Request For Reconsideration Of Dismissal Pursuant to FRBP 7055(c) and FRCP 55(c)," paragraph #11). The court granted the dismissal of the case for the reasons stated in the motion to dismiss, namely based on Debtor's lack of good faith pursuant to 11 U.S.C. §707(a) of the Bankruptcy Code, not pursuant to 11 U.S.C. §105 of the Bankruptcy Code. In fact, Creditors' Motion

to Dismiss does not even include Section 105 of the Bankruptcy Code as a justification for granting the motion to dismiss. The court granted the motion to dismiss because it established a prima facie case for dismissal, and the motion was not opposed or contested. See P.R. LBR 9013-1(d) authorizing action without a hearing and 11 U.S.C. § 102(1)(B)(i) of the Bankruptcy Code.

This court concludes that Debtor's argument has merit from a procedural and legal standpoint, given that Fed. R. Bankr. P. 9006(f) states that, "[w]hen there is a right or requirement to act or undertake some proceedings within a prescribed period after service and that service is by mail or under Rule 5(b)(2)(C) or (D) F. R. Civ. P., three days are added after the prescribed period would otherwise expire under Rule 9006(a)." Fed. R. Bankr. P. 9006(a). Also, P.R. LBR 9013-1 (h)(2)(H), specifically provides for the required additional three (3) day period to respond in a motion to dismiss when a party has been served by mail.[1] The court mistakenly assumed that the time to oppose the motion to dismiss had lapsed at the time that the dismissal order was entered. The motion to dismiss initially gave parties in interest twenty (20) days to object (Docket No. 55). The court considered said notice when calculating the time to oppose. However, immediately after the motion was filed the Creditors filed a corrected notice (Docket No. 56) providing for thirty (30) days to oppose, as required by P.R. LBR 9013-1(h)(2)(H). The Creditors' corrected notice (Docket No. 56) failed to comply with P.R. LBR 9013-1(h)(2)(H) since the same did not include the required response time language in its entirety that must be included on a motion to dismiss, namely the language regarding the additional three (3) days that must be granted pursuant to Fed. R. Bank. P. 9006(f) to those parties that were served by mail. See P.R. LBR 9013-1(h)(2) and 9013-1(h)(1).

---

[1] Notwithstanding, the court notes that debtor's legal representative was knowledgeable and was properly noticed regarding Creditors' motion to dismiss. In fact, debtor's legal representative on May 26, 2009 filed a motion entitled, "Debtor's Request That Motion To Dismiss Be Held In Abeyance Until Debtor's Second Request For Entry Of Discharge Forthwith Is Disposed Of By This Court, or in alternative, Request For Extension Of Time To Respond & Oppose" and stated the following, "Three creditors who had previously filed §523/727 Complaints, all of which were dismissed as untimely by this Court, have filed a joint motion to dismiss at d.e. #55 which should be responded to on or before May 30, 2009" (Docket No. 58, paragraph #1).

For the reasons stated above, Debtor's second argument in his Motion for Reconsideration establishes a manifest error of law since the court erred in entering the order before the time limits set forth in Fed. R. Bankr. P. 9006(f).

Debtor's third argument is that the court should set aside the dismissal of the case pursuant to Fed. R. Civ. P. 55(c) or Fed. R. Civ. P. 60(b)(6) for excusable neglect or under the catch-all provision of "any other reason that justifies relief." However, this argument is misplaced since the Motion for Reconsideration was filed three (3) days after the Order Dismissing Case, and the same is treated as either a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e), as previously discussed herein. Furthermore, the court's order dismissing the case was based on Fed. R. Bankr. P. 9013, P.R. LBR 9013-1(d)(1), and 11 U.S.C. §102 of the Bankruptcy Code. Thus, said order was not based on Fed. R. Bankr. P. 7055(b) nor Fed. R. Civ. P. 55(b).

For the reasons stated above, Debtor's third argument fails to clearly establish a manifest error of law nor present newly discovered evidence.

Lastly, Debtor merely argues that, "[a] debtor's misconduct must be analyzed under the most specific Code provisions that address that type of misconduct [section 523] and not by the general provisions under section 707(a) that focuses on a debtor's compliance with the Code's procedural requirements, not on the moral worthiness of a debtor." (Motion for Reconsideration, p. 11). This court finds that such argument is meritless (unfounded), since the same fails to establish a manifest error of law in conformity with the legal grounds presented in the motion to dismiss and also fails to cite any legal source to support its argument. Also, the court notes that Debtor's opposition to the motion to dismiss failed to cite any legal source to support its arguments, which were included under the "Affirmative Defenses" subheading of the motion.

For the reasons stated above, Debtor's final argument fails to clearly establish a manifest error of law nor present newly discovered evidence.

<u>Conclusion</u>

The Motion for Reconsideration is hereby granted as the dismissal order entered on May 29, 2009 was entered prematurely. Therefore, the Order Dismissing Case is vacated and set aside. A pretrial hearing is scheduled for October 23, 2009 at 10:00 am.

SO ORDERED.

In San Juan, Puerto Rico, this 9th day of September 2009.

_____
ENRIQUE S. LAMOUTTE
U. S. Bankruptcy Judge

# CERTIFICATE OF NOTICE

```
District/off: 0104-3           User: srodrigue            Page 1 of 2            Date Rcvd: Sep 10, 2009
Case: 07-05871                 Form ID: pdf001            Total Noticed: 41
```

The following entities were noticed by first class mail on Sep 12, 2009.
```
db        +RIDEL ALEGRE FERNANDEZ ROSADO,    URB VILLA NEVAREZ,    310 CALLE 32,    SAN JUAN, PR 00927-4721
smg        DEPARTAMENTO DE HACIENDA,    PO BOX 9024140,    OFICINA 424-B,    SAN JUAN, PR  00902-4140
smg        FEDERAL LITIGATION DEPT. OF JUSTICE,    PO BOX 9020192,    SAN JUAN, PR  00902-0192
smg        PR DEPARTMENT OF LABOR,    PRUDENCIO RIVERA MARTINEZ BLDG,    505 MUNOZ RIVERA AVENUE,    12 FLOOR,
            SAN JUAN, PR  00918
smg       +US TRUSTEE,    EDIFICIO OCHOA,    500 TANCA STREET SUITE 301,    SAN JUAN, PR 00901-1938
cr        +EMMA TERESA BENITEZ,    ATTY. WILFREDO A. GEIGEL,    20 ANCHOR WAY,    PO BOX 25749,
            GALLOWS BAY, U.   00824-1749
intp      +JUAN BOTELLO,    GALERIA BOTELLO,    208 CALLE DEL CRISTO,    SAN JUAN, PR 00901-1517
cr         PABLO LOPEZ BAEZ,    PO BOX 194681,    SAN JUAN, PR  00919-4681
cr         POPULAR AUTO,    ROSAMAR GARCIA FONTAN ESQ,    PO BOX 362708,    SAN JUAN, PR  00936-2708
2473306    AGENCIA DE COBROS TRES RIOS,    37 GONZALEZ GIUSTI 601,    GUAYNABO PR 00968
2473307   +ALFREDO MARTINEZ,    8440 SW 2ND STREET,    MIAMI FL 33144-2006
2473308    BANCO SANTANDER,    PO BOX 362589,    SAN JUAN, PR  00936-2589
2523602   +BENJAMIN GARCIA BORGES,    2202 CACIQUE ST,    URB STA TERESITA,    SAN JUAN PR 00913-4524
2473309   +CELEDONIO CORREDERA PABLOS,    EDUARDO J CORRETJER REYES ESQ,    625 AVE PONCE DE LEON,
            SAN JUAN PR 00917
2473314   +CELEDONIO CORREDERA PABLOS,    533 AVE ANDALUCIA,    PUERTO NUEVO,    SAN JUAN PR 00920-4131
2473310    CENTENNIAL DE PR,    PO BOX 71333,    SAN JUAN, PR  00936-8433
2473311    CINGULAR WIRELESS,    PO BOX 192830,    SAN JUAN, PR  00919-2830
2473312    DEPARTAMENTO DE ESTADO,    PO BOX 9023271,    SAN JUAN, PR  00902-3271
2473313    DEPARTMENT OF TREASURY,    PO BOX 9024140,    SAN JUAN, PR  00902-4140
2473315   +DR MANUEL ALEGRE HERNANDEZ,    CALLE 42 SE 1012,    RIO PIEDRAS PR 00921-2720
2473316   +DR OSIRIS DELGADO,    AMERICO MIRANDA 971,    SAN JUAN PR 00921-2801
2473317    DR PABLO LOPEZ BAEZ,    SANTA ROSA SHOPPING MALL,    SUITE 202 2DO PISO,    BAYAMON PR 00956
2473318   +EMNA TERESA BENITEZ,    307 HOWARD,    UNIVERSITY GARDENS,    RIO PIEDRAS, PR 00927-4015
2473321   +IGNACIO VIDAL CERRA ESQ,    POPULAR CENTER BLDG SUITE 1800,    208 AVE PONCE DE LEON,
            SAN JUAN PR 00918-1000
2473319   ++INTERNAL REVENUE SERVICE,    CENTRALIZED INSOLVENCY OPERATIONS,    PO BOX 21126,
            PHILADELPHIA PA 19114-0326
          (address filed with court: INTERNAL REVENUE SERVICES,    PO BOX 80110,
            CINCINNATI, OH  45280-0010)
2473327   +ISABEL Y LAGUARDIA,    256 CALLE ROSARIO SUITE 205,    SAN JUAN PR 00912-3129
2473320   +JUAN BOTELLO,    208 DEL CRISTO,    SAN JUAN, PR 00901-1517
2728601   +LEIDA RODRIGUEZ VILA,    COND PASEO DE MONTE FLORES 808,    CAROLINA PR 00987-7047
2473324    MARIA RECHANY,    456 PINTOR JORGE RECHANY,    ESQ. BOURET,    SAN JUAN, PR  00912
2473326    MARTIN CAPELLAN,    URB SANTIAGO IGLESIAS,    1303 CALLE JULIO AYBAR,    SAN JUAN PR 00921-4102
2473325    MIGUEL TEJERA,    PO BOX 194086,    SAN JUAN, PR  00919-4086
2473328   +NCO PORTFOLIO MANA,    PO BOX 15391,    WILMINGTON, DE 19850-5391
2473329    ONE LINK,    PO BOX 192296,    SAN JUAN, PR  00919-2296
2516829    PR ACQUISITIONS LLC,    EUROBANK BLDG,    270 MUNOZ RIVERA AVE STE 401,    SAN JUAN PR 00918-1903
2473330    PRTC,    PO BOX 70239,    SAN JUAN, PR  00936-8239
2473331   +RAFAEL ANGLADA,    529 CALLE ANTOLIN NIN,    URB ROOSEVELT,    SAN JUAN PR 00918-2865
2473322    RICARDO AGRAIT DEFILLO ESQ,    PO BOX 194681,    SAN JUAN PR 00919-4681
2473332    VICTOR ORTIZ JR.,    CALLE 780 KM. 1.2 BO. DO?A ELENA,    COMERIO, PR  00782
2473333    WALTER OTERO,    SUITE 112 PMB 396,    100 GRAND BOULEVARD PASEO,    SAN JUAN, PR  00926-5955
2473334    WESTERNBANK,    PO BOX 1180,    MAYAGUEZ, PR  00681-1180
2473323   +WILFREDO A GEIGEL ESQ,    PO BOX 25749,    ST CROIX VI 00824-1749
```

The following entities were noticed by electronic transmission.
NONE.                                                                                                    TOTAL: 0

```
             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
intp       CELEDONIO CORREDERA
cr         OSIRIS DELGADO,    WILFREDO A GEIGEL ESQ,    20 ANCHOR WAY,    PO BOX 25749,    GALLOWS BAY ST CROIX,
            US VIRGIN ISLANDS
                                                                                               TOTALS: 2, * 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

***** BYPASSED RECIPIENTS (continued) *****

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Sep 12, 2009**                    **Signature:**      _Joseph Speetjens_