IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                    :          CASE NO. 07-05871

RIDEL ALEGRE FERNANDEZ ROSADO :           CHAPTER 7

    Debtor                                :

                               :

## OPINION AND ORDER

This case is before the court upon the Motion to Dismiss filed jointly by Mr. Celedonio Corredera Pablo ("Mr. Corredera"), Pablo López Báez ("Mr. López"), Emma Teresa Benítez ("Mrs. Benítez) and Osiris Delgado ("Mrs. Delgado") (hereinafter referred collectively as the "Creditors") on April 28, 2009 pursuant to 11 U.S.C. §707(a) of the Bankruptcy Code and a "Memorandum In Support Of Motion for Reconsideration /Set Aside Of Order & Supplementing Opposition to Motion to Dismiss"(the "Motion for Reconsideration" or "Opposition to Motion to Dismiss") filed by Ridel Alegre Fernández (the "Debtor") on November 24, 2009 (Docket No. 76), of the Order entered in this case on May 29, 2009 (Docket No. 61) denying Debtor's second request that a discharge be entered forthwith pursuant to Fed. R. Bankr. P. 4004(c)(1)(B) and (D).  On December 21, 2009, Mr. López, Mrs. Benítez and Mrs. Delgado jointly filed their reply to the opposition to the motion to dismiss (Docket No. 80). On December 31, 2009 Mr. Corredera filed his Opposition to Debtor's Motion for Reconsideration (Docket No. 83). For the reasons stated below the Motion for Reconsideration is hereby denied, and an evidentiary hearing on the motion to dismiss will be scheduled to determine whether Debtor filed its bankruptcy petition in bad faith.

### Facts and Procedural Background

Defendant Ridel Alegre Fernández Rosado filed a bankruptcy petition under Chapter 7 of the Bankruptcy Code on October 9, 2007.  Creditors were included in Schedule F (Creditors Holding Unsecured Nonpriority Claims) as unsecured and all debts were labeled of a personal nature. Debtor in Schedule F listed the debts as follows: (i) Don Celedonio Correderra Pablos a personal debt

incurred in the year 2005 in the amount of $68,400.00; (ii) Dr. Osiris Delgado a personal debt incurred in the year 2005 in the amount of $25,000.00; (iii) Dr. Pablo Lopez Baez a personal debt incurred in the year 2005 in the amount of $11,000.00; and (iv) Emma Teresa Benitez a personal debt incurred in the year 2006 in the amount of $27,000.00. Debtor on line item 4 of its Statement of Financial Affairs listed the following four (4) state court proceedings for collection of monies: (1) Pablo Lopez Baez, Cristine Wechgeler vs. Ridel Fernandez H/N/C Galeria Ridel K1CD2007-0083; (2) Don Celedonio Corredera Pablos vs. Galeria Ridel, Inc. and Ridel Fernandez KCD2007-0809; (3) Emma Teresa vs. Ridel Fernandez KCD2007-11424; and (4) Dr. Osiris Delgado vs. Ridel Fernandez and Galeria Ridel KCD2007-1759. The 341 meeting of creditors was initially scheduled for November 1, 2007 (Docket No. 4). The meeting of creditors was rescheduled to November 15, 2007 (Docket No. 7 in lead case); and subsequently continued to December 13, 2007 (Docket No. 12 in lead case) and January 10, 2008 (Docket No. 20 in lead case). The deadline to file objections to the discharge and the dischargeability of debts was December 31, 2007 (Docket No. 4 in lead case).

On April 28, 2009 Creditors filed a Motion To Dismiss (Docket No. 55) alleging that Debtor filed its bankruptcy petition in bad faith and should be dismissed pursuant to 11 U.S.C. §707(a) of the Bankruptcy Code. Creditors allege that Debtor's bad faith is based on the following: (i) "...to obtain a discharge of debts incurred as a result of Fernández's fraudulent representations to the Consignors and other similarly situated creditors and as a result of Debtor misappropriating or using without consent money or property belonging to the Consignors and other similarly situated creditors" (Docket No. 55, paragraph 5); (ii) "[t]his cumulative debt of at least $112,000.00 was incurred by Debtor as a direct result of Fernández using artworks that had been given to him on consignment for sale by the Consignors to pay for his own debts and from Fernández using the proceeds of the sales of artworks given to him by the Consignors to pay for his own debts" (Docket No. 55, paragraph 7); (iii) "Debtor has admitted that title over the artworks given to him on consignment for sale by the Consignors remained in the Consignors. Therefore, the proceeds of the sales of those artworks belonged to the Consignors" (Docket No. 55, paragraph 8); (iv) "Fernández fraudulently or under false pretenses made the Consignors provide him with the artworks on consignment for sale, under the pretense that he would turnover to them the proceeds of the sales of the consigned artworks, less

2

Debtor's rightful part of said proceeds" (Docket No. 55, paragraph 9); and (v) "Debtor has constantly failed to provide the Consignors with the information requested at the meetings of creditors with regards to whom and for what amount were the consigned artworks sold and if they had been paid to him by the respective buyers" (Docket No. 55, paragraph 11).

Subsequently, on May 29, 2009 the court dismissed the instant case for the reasons set forth in Creditors' motion to dismiss. On June 1, 2009 Debtor filed a motion for reconsideration of dismissal under Fed. R. Bankr. P. 7055(c) (Docket No. 67). Debtor filed his Answer and Opposition to the Motion to Dismiss on June 1, 2009 (Docket No. 68). Debtor as part of its Affirmative Defenses in its Opposition to the Motion to Dismiss argues that there is no good faith filing requirement under 11 U.S.C. §707(a) of the Bankruptcy Code. On June 19, 2009 Creditors filed their opposition to Debtor's motion for reconsideration pursuant to Fed. R. Bankr. P. 7055(c) (Docket No. 69). The court, on September 9, 2009, granted Debtor's motion for reconsideration of the dismissal order since the same was entered prematurely. The order dismissing the case was vacated and set aside. (Docket No. 70). On October 20, 2009, Creditors jointly filed a motion to stay the pretrial hearing until the court rules on the motion to dismiss (Docket No. 72). Creditors through this motion also requested the court to convert the motion to dismiss to a motion for summary judgment. On October 21, 2009 the court ordered the pretrial hearing scheduled for October 23, 2009 to be continued without a date, pending a decision on Creditors' motion to dismiss (Docket No. 73).

On November 24, 2009 Debtor filed his Opposition to Motion to Dismiss and Memorandum of Law (Dockets No. 75 & 76) arguing the following: (i) the motion to dismiss should not be granted without a hearing since Debtor should be given a full and fair opportunity to be heard pursuant to 11 U.S.C. §§707(a), 102(1) of the Bankruptcy Code and P.R. LBR 9013-1(d); (ii) Creditors have not offered any evidence whatsoever in support of their motion to dismiss based on bad faith pursuant to 11 U.S.C. §707(a) of the Bankruptcy Code; (iii) the movant bears the burden for establishing that there is "cause" for dismissal pursuant to 11 U.S.C. §707(a) of the Bankruptcy Code; (iv) a motion to dismiss which is devoid of any evidence whatsoever but relies on unspecific allegations of fraud and innuendos fails to establish "cause" pursuant to 11 U.S.C. §707(a) of the Bankruptcy Code; (v) "...Debtor respectfully submits that any perceived failure to respond to the Motion to Dismiss with

3

specific facts in evidence should not provide a basis for the Court to grant the motion, and most certainly should not justify doing so without a hearing" (Docket No. 76, p. 12); and (vi) the motion to dismiss under Section 707(a) is an untimely Section 707(b)(3)(A) motion in disguise. On December 21, 2009 Mr. López, Mrs. Benítez and Mrs. Delgado jointly filed their reply to the opposition to the motion to dismiss (Docket No. 80) by which they present transcribed portions of the 341 creditor's meeting, Debtor's answer to interrogatories and Debtor's deposition in which he acknowledged having received the works from Mr. López, Mrs. Benítez and Mrs. Delgado in consignment and selling the same to third parties and paying other debts with the proceeds from the artworks but never remitting the proceeds from such artworks to the consignors. Lastly, Mr. Corredera in his opposition to the motion for reconsideration argues the following: (i) "[n]either 11 U.S.C. §707(a) nor LBR 9013-1(d) require that an actual hearing be held, unless a party in interest requests such an actual hearing" (Docket No. 83, paragraph 5); (ii) "...Debtor's motion for reconsideration of the order dismissing the case nor in Debtor's opposition to the Motion to Dismiss did Debtor request that an actual hearing be held as to the Motion to Dismiss" (Docket No. 83, paragraph 6); and (iii) Debtor's lack of good faith pursuant to Section 707(a) consisted in misappropriating the artworks that had been given to him on consignment for sale and using the proceeds of the consigned artworks to pay other debts and thus, failing to remit the proceeds from these artworks to the consignors.

Applicable Law and Analysis

*Right to a Hearing Pursuant to 11 U.S.C. §§707(a) & 102(1)*

Section 707(a) authorizes a bankruptcy court to, "dismiss a case under this chapter only after notice and a hearing and only for cause." 11 U.S.C. §707(a). The phrase "after notice and a hearing" under Section 102(1) is construed to mean such notice and opportunity for a hearing "as is appropriate in the particular circumstances." 11 U.S.C. 102(1)(A). However, after proper notice is given, a hearing is not required under three (3) circumstances, namely: (i) if no party in interest timely requests a hearing; (ii) if there is insufficient time for the hearing to be commenced before the act must be done and (iii) the bankruptcy court has sufficient information to act without a hearing even if one was requested by a party in interest. 11 U.S.C. §102(1)(B); Alan N. Resnick & Henry J. Sommer, 2

4

Collier on Bankruptcy ¶102.03[a]-[c] (16th ed. 2009). "The particular circumstances of a motion to dismiss include the fact that dismissal is one of the most critical determinations to be made in a Chapter 7 case, affecting the vital bankruptcy interests of all parties." In re Dinova, 212 B.R. 437, 442 (B.A.P. 2d Cir. 1997). Moreover, "[t]he purpose of the "notice and hearing" requirement of Section 707(a) is to enlighten the court's determination of 'cause' by the adversary process." Id at 444. Courts must generally recognize litigant's due process rights, thus allowing the same the opportunity to be heard "at a meaningful time and in a meaningful manner." Mathews v. Eldridge, 424 U.S. 319, 333, 47 L. Ed. 2d 18, 96 S. Ct. 893 (1976).

Mr. Corredera argues that Debtor does not have a right to a hearing because his request was untimely since Debtor did not request a hearing in its motion for reconsideration (Docket No. 67) requesting dismissal of the case nor in its opposition to the motion to dismiss (Docket No. 68). Debtor filed the motion requesting reconsideration of dismissal and its Opposition to the Motion to Dismiss on June 1, 2009 (Dockets No. 67 & 68). The court granted Debtor's motion for reconsideration on September 9, 2009, thus vacating the May 29, 2009 dismissal order since the same was entered prematurely (Docket No. 70). On October 20, 2009, Creditors jointly filed a motion to stay the pretrial hearing until the court rules on the motion to dismiss (Docket No. 72). The court, on October 21, 2009, ordered the pretrial hearing scheduled for October 23, 2009 to be continued without a date, pending a decision on Creditors' motion to dismiss (Docket No. 73). On November 24, 2009, the Debtor through its Opposition to the Motion to Dismiss argues that his case should not be dismissed absent a hearing.

This court finds that the Debtor pursuant to Sections 707(a) and 102(1)(A) of the Bankruptcy Code is entitled to an evidentiary hearing to determine the dismissal of the case on the ground that the Debtor filed its bankruptcy petition in bad faith. The court clarifies that the May 29, 2009 order (Docket No. 60) dismissing the case was granted erroneously pursuant to P.R. L.B.R. 9013-1(d)(1) because Debtor had not filed an objection to Creditors' motion to dismiss. However, P.R. L.B.R. 9013-1(d) do not preclude the court to act upon the motion to dismiss without a hearing.

*Bad Faith as Cause under 11 U.S.C. §707(a)*

Section 707(a) of the Bankruptcy Code provides in part that, "[t]he court may dismiss a case under this chapter only after notice and a hearing and only for cause," and provides three (3) non-exclusive examples of "cause" warranting dismissal. 11 U.S.C. §707(a). The Bankruptcy Code is silent as to what constitutes "cause" under Section 707(a). The examples provided in Section 707(a) of the Bankruptcy Code are not exhaustive of what may constitute "cause" for dismissal in a chapter 7 case. See In re Zick, 931 F. 2d 1124, 1126 (6th Cir. 1991); In re Huckfeldt, 39 F. 3d 829, 831 (8th Cir. 1994). There is currently a split amongst the courts on the issue of whether bad faith constitutes "cause" for dismissal of a chapter 7 case pursuant to Section 707(a). The Third and Sixth Circuits have held that bad faith is a valid cause for dismissal of a chapter 7 case under §707(a). See Industrial Ins. Servs., Inc. v. Zick (In re Zick), 931 F. 2d 1124, 1127 (6th Cir. 1991); In re Tamecki, 229 F. 3d 205, 207 (3rd Cir. 2000); Perlin v. Hitachi Capital America Corp., 497 F. 3d 364 (3rd Cir. 2007). However, both the Third and Sixth Circuits employ narrowly bad faith as "cause" for dismissal of a chapter 7 case and limit its scope to "egregious cases that entail concealed or misrepresented assets and/or sources of income, lavish lifestyles, and intention to avoid a large single debt based upon conduct akin to fraud, misconduct or gross negligence." In re Zick, 931 F. 2d at 1129. The Eight and Ninth Circuits have taken the opposite viewpoint and held that bad faith generally does not constitute "cause" under Section 707(a). See In re Padilla, 222 F. 3d 1184, 1191 (9th Cir. 2000); In re Huckfeldt, 39 F. 3d at 832 citing In re Khan, 172 B.R. 613 (Bankr. D. Minn. 1994) ("...bad faith under §707(a) be limited to extreme misconduct falling outside the purview of more specific Code provisions, such as using bankruptcy as a 'scorched earth' tactic against a diligent creditor, or using bankruptcy as a refuge from another court's jurisdiction.").

There is no controlling precedent from the First Circuit Court of Appeals. However, it must be noted that the Bankruptcy Court of Massachusetts has addressed this particular issue and has aligned itself with the reasoning employed by the Eighth and Ninth Circuits. See In re Linehan, 326 B.R. 474 (Bankr. D. Mass. 2005); In re Pina, 363 B.R. 314 (Bankr. D. Mass. 2007). The Bankruptcy Court of New Hampshire contrary to the Bankruptcy Court of Massachusetts has held that bad faith constitutes "cause" for a chapter 7 dismissal and that the factors included in Cabral v. Shamban (In

6

re Cabral), 285 B.R. 563, 572 (B.A.P. 1st Cir. 2002)[1] should be employed to determine the same. In re Marsico, 2004 B.R. 1 (Bankr. D.N.H. 2004).

Notwithstanding, the split amongst the courts, chapter 7 dismissals based on bad faith are fact intensive and fact specific and the moving party has the burden of proving that there is "cause" for such dismissal. See In re Romany, 2006 Bankr. LEXIS 3807 (Bankr. D.P.R. 2006). At this juncture, the court will refrain from issuing an opinion on the scope of bad faith as a "cause" for a chapter 7 dismissal and analyzing the testimonial evidence which has been submitted by Creditors until after the hearing has taken place.

*Fed. R. Civ. P. 60(b)*

A motion for reconsideration of an order or judgment is not recognized by the Federal Rules of Civil Procedure. In re Pabon Rodriguez, 233 B.R. 212, 218 (Bankr. D.P.R. 1999) *aff'd*, 2001 WL 958803 (1st Cir. 2001) (citing Vank Skiver v. United States 952 F.2d 1241, 1243 (10th Cir. 1991)). Federal courts treat such a motion as either a motion to alter or amend judgment under Fed. R. Civ. P 59(e) or a motion for relief of judgment under Fed. R. Civ. P. 60(b). "These two rules are distinct; they serve different purposes and produce different consequences. Which rule applies depends essentially on the time a motion is served. If a motion is served within ten days of the rendition of judgment, the motion ordinarily will fall under Rule 59(e). If the motion is served after that time, it falls under Rule 60(b)." Id. In the instant case Plaintiff's Motion for Reconsideration was filed one hundred seventy eight (178) days after the order for which reconsideration is sought was entered. Therefore, the motion will be treated as one filed under Fed. R. Civ. P. 60(b) made applicable here through Fed. R. Bank. P. 9024.

Fed. R. Bankr. P. 9024 provides as follows:

> Rule 60 F. R. Civ. P. applies in cases under the Code except that (1) a motion to reopen a case under the Code or for the reconsideration of an order allowing or

---

[1]The following are the four (4) factors the court must consider: (1) whether the debtor misrepresented facts in his petition, unfairly manipulated the Bankruptcy Code, or otherwise filed his bankruptcy petition in an inequitable manner; (2) the debtor's history of filings and dismissals; (3) whether the debtor only intended to defeat state court litigation; and (4) whether egregious behavior is present. These factors were used to reconvert a chapter 7 case to a chapter 13 case.

disallowing a claim against the estate entered without a contest is not subject to the one year limitation prescribed in Rule 60(b), (2) a complaint to revoke a discharge in a chapter 7 liquidation case may be filed only within the time allowed by section 727(e) of the Code , and (3) a complaint to revoke an order confirming a plan may be filed only within the time allowed by section 1144, sec 1230, or sec 1330.

**Rule 60 Relief from a Judgment or Order**

**(a) Corrections Based on Clerical Mistakes; Oversights and Omissions.** The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

**(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

**(1)** mistake, inadvertence, surprise, or excusable neglect;

**(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

**(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

**(4)** the judgment is void;

**(5)** the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

**(6)** any other reason that justifies relief.

**(c) Timing and Effect of the Motion.**

**(1)** *Timing.* A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

**(2)** *Effect on Finality.* The motion does not affect the judgment's finality or suspend its operation.

Fed. R. Civ. P. 60(b)(1) is generally utilized for mistake, inadvertence, surprise, or excusable neglect of a party involved in a legal proceeding. However, it is "not altogether clear" under what circumstances such rule may be employed to seek relief regarding mistakes of the court. See 11 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2858 at 293. There is disagreement amongst the circuits regarding the circumstances for which a party is entitled to Fed. R. Civ. P. 60(b)(1) relief based on an error of the court. Id at 293-295. The Sixth and Tenth Circuit have held that the term "mistake" as employed in Fed. R. Civ. P. 60(b)(1) encompasses errors of the

8

court, including legal errors. See United States v. Reyes, 307 F. 3d 451, 455 (6th Cir. 2002); Cashner v. Freedom Stores, Inc., 98 F. 3d 572, 576 (10th Cir. 1996). Contrary to the Sixth and Tenth Circuit, the First Circuit has specifically held that Fed. R. Civ. P. 60(b)(1) is limited in scope and as such, a legal error is not the type of mistake, inadvertence, surprise or excusable neglect that justifies relief under Fed. R. Civ. P. 60(b)(1), since it is not inclusive of the relief under the rule for error of law provided under Fed. R. Civ. P. 59(e). Silk v. Sandoval, 435 F. 2d 1266, 1268 (1st Cir. 1971), cert. denied 91 S. Ct. 2189, 402 U.S. 1012, L. Ed. 2d 435. The First Circuit's interpretation of Fed. R. Civ. P. 60(b)(1) "seems to fit better the structure of the rules" and "makes more sense of the relation between Rule 59(e) and Rule 60(b)(1)." 11 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2858 at 295.

Fed. R. Civ. P. 60(b)(6) as the catchall provision is generally employed only in extraordinary circumstances that justify relief for cases which are brought before the court for post trial review after the one (1) year limit or other time constraints mandated under other rules. 11 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2858 at 365; See United States v. One Urban Lot, 882 F. 2d 582, 585 (1st Cir. 1989) Valley Citizens for a Safe Environment v. Aldridge, 969 F. 2d, 1315 1317."Given the limited number of situations in which 'extraordinary circumstances' have been found, the courts have focused instead on whether the movant made a fair and deliberate choice at some earlier time not to move for relief." Id at 370. The First Circuit has held that the "bar for such relief is set high because... there must be an end to litigation someday." Paul Revere Variable Annuity Inc. Co. v. Zang, 248 F. 3d 1, 5 (1st Cir. 2001) citing Ackermann v. United States, 340 U.S. 193, 198, 95 L. Ed. 207, 71 S. Ct. 209 (1950). Moreover, "the district courts have 'broad discretion' to determine whether such circumstances exist." Id.

*Debtor's Arguments & Discussion- Motion for Reconsideration*

In his Motion for Reconsideration Debtor pursuant to Fed. R. Civ. P. 60(b)(1) and (6) presents the following arguments: (i) the court erred in its application of Fed. R. Bankr. P. 4004(c)(1)(B) because plaintiffs through the filing of the adversary proceedings sought relief under 11 U.S.C. §523 of the Bankruptcy Code not pursuant to 11 U.S.C. §727 as provided by Fed. R. Bankr. P.

4004(c)(1)(B); (ii) even if Fed. R. Bankr. P. 4004(c)(1)(B) is applicable to complaints objecting to the dischargeability of certain debts pursuant to 11 U.S.C. §523, such statute is not applicable to the instant case because there are currently no pending adversary proceedings and judgments were entered on April 9, 2009 in the adversary proceedings and the motions for reconsideration in the adversary proceedings were disposed of as of May 20, 2009 and the same were closed on June 4, 2009; (iii) the court erred in its application of Fed. R. Bankr. P. 4004(c)(1)(D) because a motion to dismiss pursuant to 11 U.S.C. §707 of the Bankruptcy Code was not pending on expiration of the time fixed for filing a complaint objecting to discharge (December 31, 2007) and the time fixed filing a motion to dismiss the case under 1017(e); (iv) in this case the motion to dismiss filed on April 28, 2009 (Docket No. 55) was not pending on the expiration of the complaints deadline (December 31, 2007) nor was the same pending on April 9, 2009 when Debtor requested the discharge to be entered in this case (Docket No. 54). Mr. Corredera in his Opposition to the Motion for Reconsideration states the following arguments: (i) Debtor has failed to allege the occurrence of any mistake, inadvertence, surprise, or excusable neglect or any other reason that would justify relief; and (ii) Debtor employed Fed. R. Civ. P. 60(b) because he failed to act pursuant to the ten (10) day period mandated by Fed. R. Civ. P. 59(e), thus Debtor's Motion for Reconsideration is untimely.

This court finds that Fed. R. Civ. P. 60(b)(1) is inapplicable to the instant case, given that Debtor's motion for reconsideration is based on a legal error, namely this court's interpretation and application of Fed. R. Bankr. P. 4004(c)(1)(B) and (D), that should have been brought to this court's attention through the mechanism of Fed. R. Civ. P. 59(e). The court also concludes that Fed. R. Civ. P. 60(b)(6) is inapplicable to the instant case since the same is devoid of "extraordinary circumstances" that would justify relief and Debtor failed to move the court for relief pursuant to Fed. R. Civ. P. 59(e). Furthermore, at this point in time the court pursuant to Fed. R. Bankr. P. 4004(c)(1)(D) may not enter a discharge order because there is currently pending a motion to dismiss pursuant to 11 U.S.C. §707(a) of the Bankruptcy Code.

In view of the foregoing, the Motion for Reconsideration filed by Debtor is hereby denied. This court finds that the Debtor is entitled to a hearing on the merits (evidentiary hearing) to consider

10

Creditors' motion to dismiss in which both parties shall bring forth evidence that supports their respective arguments, namely whether Debtor filed its bankruptcy petition in bad faith. An evidentiary hearing is scheduled for May 25, 2010 at 2:00 pm. Ten (10) days prior to the hearing the parties shall file proposed findings of fact and conclusions of law. Each finding of fact shall refer to either a document or witness. Copy of the document will be attached to the proposed findings.

SO ORDERED.

In San Juan, Puerto Rico, this /2 th day of March 2010.

_____
ENRIQUE S. LAMOUTTE
U. S. Bankruptcy Judge