# UNITED STATES BANKRUPTCY APPELLATE PANEL
# FOR THE FIRST CIRCUIT

BAP NO. PR 10-018

Bankruptcy Case No. 07-05871-ESL

RIDEL ALEGRE FERNÁNDEZ ROSADO,
Debtor.

RIDEL ALEGRE FERNÁNDEZ ROSADO,
Appellant,

v.

CELEDONIO CORREDERA,
PABLO LÓPEZ BÁEZ, EMMA TERESA BENÍTEZ,
and OSIRIS DELGADO,
Appellees.

Hillman, Deasy, and Kornreich, U.S. Bankruptcy Appellate Judges.

### ORDER DENYING MOTION FOR LEAVE TO APPEAL

Ridel Alegre Frenández Rosado (the "Debtor") appeals from the bankruptcy court's order (the "Order") denying his motion for reconsideration of its order denying the Debtor's motion for entry of a discharge order. As the Order is interlocutory, the Debtor has filed a Motion for Leave to Appeal. For the reasons discussed below, the Motion for Leave to Appeal is **DENIED**.

### BACKGROUND

The Debtor filed a chapter 7 petition in 2007. On April 9, 2009, the Debtor moved for entry of a discharge order. On April 28, 2009, Celedonio Corredera, Pablo López Báez, Emma Teresa Benítez and Osiris Delgado (the "Creditors") moved to dismiss the Debtor's case,

alleging that the Debtor had filed his petition in bad faith. On May 16, 2009, the Debtor filed a second motion for entry of a discharge order. On May 26, 2009, the Debtor filed a motion to hold the motion to dismiss in abeyance until final disposition of his motion for entry of a discharge order. On May 29, 2009, the bankruptcy court issued orders denying the Debtor's two motions for entry of a discharge order, denying the Debtor's motion to hold the motion to dismiss in abeyance until final disposition of the discharge order, and dismissing the Debtor's case.

On June 1, 2009, the Debtor filed a motion for reconsideration of the dismissal order, which the Creditors opposed. On September 9, 2009, the bankruptcy court granted the motion for reconsideration because the bankruptcy court had issued the dismissal order before the time limits set forth in Fed. R. Bankr. P. 9006(f). The bankruptcy court vacated and set aside the dismissal order, and set a pretrial hearing on the motion to dismiss.

On November 24, 2009, the Debtor filed a motion for reconsideration of the order denying his request for entry of a discharge order. On March 12, 2010, the bankruptcy court issued the Order, in which it denied the Debtor's motion for reconsideration of the order denying his request for entry of a discharge order. In the Order, the court reiterated that it would hold an evidentiary hearing on the motion to dismiss. On March 29, 2010,[1] the Debtor filed a notice of appeal and the Motion for Leave to Appeal.

---

[1] Although the bankruptcy court issued the order on March 12, 2010, the Order was not entered on the docket until March 15, 2010. The appeal is, therefore, timely. See Fed. R. Bankr. P. 8002(a).

## DISCUSSION

The Panel has jurisdiction to hear appeals from "final judgments, orders, and decrees" pursuant to 28 U.S.C. § 158(a)(1) or, "with leave of the court, from interlocutory orders and decrees" pursuant to 28 U.S.C. § 158(a)(3). Fleet Data Processing Corp. v. Branch (In re Bank of New England Corp.), 218 B.R. 643, 645 (B.A.P. 1st Cir. 1998). "A decision is final if it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" Id. at 646. An interlocutory order "'only decides some intervening matter pertaining to the cause, and which requires further steps to be taken in order to enable the court to adjudicate the cause on the merits.'" Id. (quoting In re Am. Colonial Broad. Corp., 758 F.2d 794, 801 (1st Cir. 1985)).

Although a flexible approach to the concept of finality should be applied in bankruptcy appeals, to meet the test of finality, an order "must completely resolve all of the issues pertaining to a discrete claim, including issues as to the proper relief." Bangor Hydro-Electric Co. v. Growe (In re Great Northern Paper, Inc.), 318 B.R. 613 (D. Me. 2005) (citing Shimer v. Fugazy (In re Fugazy Express, Inc.), 982 F.2d 769, 776 (2d Cir. 1992)); see also In re Chateaugay Corp., 922 F.2d 86, 90 (2d Cir. 1990). If an order resolves one element of a dispute but contemplates further proceedings to resolve other matters, it does not qualify as a final order. See Fugazy, 982 F.2d at 776. Here, the Order did not resolve the question of whether the Debtor will receive his discharge. Instead, the Order contemplates addressing the matter after it holds an evidentiary hearing and renders a decision on the motion to dismiss. The Order is, therefore, interlocutory. See In re Bank of New England, 218 B.R. at 645.

However, there is discretionary authority to grant leave to appeal from interlocutory orders under one of three precepts conferring appellate jurisdiction over interlocutory appeals: the application of the criteria governing 28 U.S.C. § 158(a)(3) review of interlocutory orders; the collateral order doctrine; or the Forgay-Conrad doctrine. See 28 U.S.C. § 158(a)(3). We conclude that the Order does not satisfy any of the three exceptions to the final order rule.

**1. Application of the Criteria Governing 28 U.S.C. § 158(a)(3)**

The Debtor argues that the Order satisfies the application of the criteria governing 28 U.S.C. § 158(a)(3). Application of § 158(a)(3) review of interlocutory orders mirrors the application of § 1292(b). In re Bank of New England, 218 B.R. at 652. "Section 158 provides no express criteria to guide our discretion, but most courts utilize the same standards as govern the propriety of district courts' certification of interlocutory appeals to the circuit courts under § 1292(b)." Id. (citations omitted). "Section 1292(b) permits appellate review of 'certain interlocutory orders, decrees and judgments . . . to allow appeals from orders other than final judgments when they have a final and irreparable effect on the rights of the parties.'" Id. at 652 n.17. "To ascertain whether we should exercise our discretion . . . we will consider whether (1) the 'order involves a controlling question of law' (2) 'as to which there is substantial ground for difference of opinion,' and (3) whether 'an immediate appeal from the order may materially advance the ultimate termination of the litigation.'" Id. at 652.

An order involves a controlling question of law where the bankruptcy court's ruling presents a question of law that controls the outcome of the underlying case. Id. A question of law controls the outcome of the underlying case if no alternate theory exists on which the party could succeed. Id. at 652-53. Standing, for instance, is generally a controlling question of law,

as the case will be dismissed if the plaintiff is found to lack standing. Id. at 653. Here, the Order does not present a controlling question of law, as the Debtor could ultimately succeed in obtaining a discharge order. The Order, therefore, does not satisfy the application of the criteria governing 28 U.S.C. § 158(a)(3). We need not consider the remaining requirements of the application of the criteria governing 28 U.S.C. § 158(a)(3).

## 2. Collateral Order Doctrine

The collateral order doctrine refers to "'a small class' of decisions, termed 'collateral orders,' 'which finally determine claims of right separable from and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.'" Id. at 649 (citations omitted). A reviewable collateral order is an order that "(1) conclusively determined, (2) an important legal question, (3) completely separate from the merits of the primary action, and (4) [is] effectively unreviewable on appeal from a final judgment on the remaining counts." Id.

An order conclusively determines a legal question if it leaves no important matter "unfinished" in connection with that question. For example, an order that determines a party's obligation to indemnify a trustee, but fails to determine the trustee's liability, left an important matter connected to the indemnification obligation unfinished. Id. at 649-50. Here, the Order did not conclusively determine whether the Debtor will receive his discharge. The Order, therefore, does not satisfy the collateral order doctrine. We need not consider the remaining requirements of the collateral order doctrine.

### 3. Forgay-Conrad Doctrine

The Forgay-Conrad doctrine "has been employed to bestow appellate jurisdiction over interlocutory orders when 'irreparable injury' to the aggrieved party may attend delaying appellate review until the litigation is over." In re Bank of New England, 218 B.R. at 649 n.8 (citing In re American Colonial Broad. Corp., 758 F.2d at 803). In American Colonial, the Court of Appeals for the First Circuit explained that a typical case of irreparable injury involves an interlocutory order that directs the immediate disposition and delivery of property. In re American Colonial Broad. Corp., 758 F.2d 794, 803 (1st Cir. 1985). Here, the Debtor will not be irreparably harmed if appellate review is delayed until the Order becomes final. The Order, therefore, does not satisfy the Forgay-Conrad doctrine.

### CONCLUSION

For the reasons set forth above, the Debtor's Motion for Leave to Appeal is **DENIED**.

FOR THE PANEL:

Dated: April 22, 2010            By:    /s/ Mary P. Sharon
                                        Mary P. Sharon, Clerk

[cc: Hon. Enrique Lamoutte, and Clerk, U.S. Bankruptcy Court, District of Puerto Rico; Wilfredo Segarra Miranda, Esq., Lyssette Morales Vidal, Esq., Ramon Lopez Rivera, Esq., Eduardo Corretjer Reyes, Esq., Wilfredo Geigel, Esq., Monsita Lecaroz Arribas, Esq.]

# General Docket
## United States Bankruptcy Appellate Panel

| | |
|---|---|
| **Bankruptcy Appellate Panel Docket #:** 10-18<br>In re: Ridel Fernandez Rosado, et al v. Celedonio Corredera<br>**Appeal From:** Bankruptcy Court - San Juan Puerto Rico<br>**Fee Status:** filing fee paid | Docketed: 04/01/2010<br>Termed: 04/22/2010 |

**Case Type Information:**
   1) bankruptcy appellate panel
   2) Chapter 7 Non-Business
   3) nothing

**Originating Court Information:**
   District: 0104-3 : 07-05871-ESL
   Ordering Judge: Enrique S. Lamoutte, Bankruptcy Appellate Panel Judge
   Date Filed: 10/09/2007

**Prior Cases:**
   None

**Current Cases:**
   None

**Panel Assignment:** Not available

CERTIFIED COPY
I HEREBY CERTIFY THIS DOCUMENT IS A TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE AND IN MY LEGAL CUSTODY
UNITED STATES BANKRUPTCY APPELLATE PANEL
FOR THE FIRST CIRCUIT
BOSTON, MA
By: _____ Date: 4/22/10

In re: RIDEL ALEGRE FERNANDEZ ROSADO
    Debtor

---

| | |
|---|---|
| RIDEL ALEGRE FERNANDEZ ROSADO<br>    Debtor - Appellant | Ramon E. Lopez Rivera<br>[NTC Retained]<br>Firm: 787.754.6681<br>P.O. Box 34173<br>Ft. Buchanan, PR 00934<br><br>Lyssette A. Morales Vidal<br>[NTC Retained]<br>L.A. Morales & Associates, P.S.C.<br>Firm: 787.746.2434<br>76 Calle Aquamarina Urb Villa Blanca<br>Caguas, PR 00725-1908 |
| v. | |
| CELEDONIO CORREDERA<br>    Creditor - Appellee | Eduardo J. Corretjer Reyes<br>[NTC Retained]<br>Bufete Roberto Corretjer Piquer<br>Firm: 787.751.4618 |

|  |  |
|---|---|
|  | 625 Ponce de Leon Ave.<br>San Juan, PR 00917-3111 |
| PABLO LOPEZ BAEZ<br>    Creditor - Appellee | Wilfredo A. Geigel<br>[NTC Retained]<br>Firm: 340.778.8069<br>P.O. Box 25749<br>Gallows Bay, St. Croix<br>U.S. Virgin Islands, No 00824 |
| EMMA TERESA BENITEZ<br>    Creditor - Appellee | Wilfredo A. Geigel<br>[NTC Retained]<br>(see above) |
| OSIRIS DELGADO<br>    Creditor - Appellee | Wilfredo A. Geigel<br>[NTC Retained]<br>(see above) |
| ----------------------------- | Wilfredo Segarra Miranda<br>[NTC Government - Other]<br>P. O. Box 9023385<br>San Juan, PR 00902-3385<br><br>Monsita Lecaroz Arribas<br>[NTC Government - Other]<br>Office of the US Trustee<br>Ochoa Building, Suite 301<br>Ste. 301<br>Firm: 787.729.7444<br>500 Tanca Street<br>San Juan, PR 00901-1922 |

In re: RIDEL ALEGRE FERNANDEZ ROSADO,

    Debtor

-----------------------------

RIDEL ALEGRE FERNANDEZ ROSADO,

    Debtor - Appellant

v.

CELEDONIO CORREDERA; PABLO LOPEZ BAEZ; EMMA TERESA BENITEZ; OSIRIS DELGADO,

    Creditors - Appellees

| | | |
|---|---|---|
| 04/01/2010 | | Received Notice of Appeal filed at U.S. Bankruptcy Court, District of Puerto Rico (San Juan) on 03/29/2010, transmittal form, FILED. [10-18] |
| 04/01/2010 | | Transmittal of Appellant's Motion for Leave to Appeal by U.S. Bankruptcy Court, District of Puerto Rico. |
| 04/01/2010 | | Appellant Ridel Alegre Fernandez Rosado's Motion for Leave to Appeal. |
| 04/09/2010 | | U.S. Bankruptcy Court, District of Puerto Rico's transmittal of appeal documents, including certified copy of bankruptcy court docket. |
| 04/22/2010 | | Panel assigned [10-18] |
| 04/22/2010 | | HILLMAN, DEASY and KORNREICH, Bankrupty Appellate Panel Judges: ORDER ENTERED DENYING Appellant's Motion for Leave to Appeal. |
| 04/22/2010 | | JUDGMENT OF DISMISSAL FILED AND ENTERED. [10-18] |
| 04/22/2010 | | BAP Mandate Issued. Notice of entry of judgment to Hon. Enrique Lamoutte, Clerk, U.S. Bankruptcy Court, District of Puerto Rico and parties. |