# UNITED STATES BANKRUPTCY APPELLATE PANEL
# FOR THE FIRST CIRCUIT

## TRANSMITTAL FORM

TO:     Mariá de los Ángeles González, Clerk
United States Bankruptcy Court
District of Puerto Rico (San Juan)
José V. Toledo U.S. P.O. & Courthouse
300 Recinto Sur, Suite 109
San Juan, PR 00901

| |
|---|
| Case Name: RIDEL ALEGRE FERNÁNDEZ ROSADO |
| BAP Case No. PR 11-081 |
| Bankruptcy Case No.: 07-05871-ESL |
| Adversary No.: N/A |
| Bankruptcy Judge: HON. ENRIQUE S. LAMOUTTE |
| |

TRANSMITTED HEREWITH ARE THE FOLLOWING DOCUMENTS:

[ ]   BAP Mandate
[ ]   Mandate of United States Court of Appeals
[ ]   Bankruptcy Court Record
[ ]   Bankruptcy Court Exhibits/Transcript
[X]   BAP Opinion
[X]   BAP Judgment
[ ]   BAP Order
[ ]   BAP Opening Letter
[X]   BAP Docket(s)
[ ]   Other:

COMMENTS:

DATED: June 29, 2012            Mary P. Sharon, Clerk

By:    /s/ Ann M. Williams
        Ann M. Williams, Case Manager

## General Docket
## United States Bankruptcy Appellate Panel

| | |
|---|---|
| **Bankruptcy Appellate Panel Docket #:** 11-81<br>In re: Ridel Fernandez Rosado, et al v. Celedonio Cerredera Pablos<br>**Appeal From:** Bankruptcy Court - San Juan Puerto Rico<br>**Fee Status:** filing fee paid | **Docketed:** 10/14/2011<br>**Termed:** 06/29/2012 |

**Case Type Information:**
1) bankruptcy appellate panel
2) Chapter 7 Non-Business
3) nothing

**Originating Court Information:**
District: 0104-3 : 07-05871-ESL
Ordering Judge: Enrique S. Lamoutte
Date Filed: 10/09/2007

CERTIFIED COPY
I HEREBY CERTIFY THIS DOCUMENT IS A TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE AND IN MY LEGAL CUSTODY
**UNITED STATES BANKRUPTCY APPELLATE PANEL FOR THE FIRST CIRCUIT BOSTON, MA**
By: _____ Date: 6/29/12

**Prior Cases:**
None

**Current Cases:**
None

---

In re: RIDEL ALEGRE FERNANDEZ ROSADO
        Debtor

-----------------------------

| | |
|---|---|
| RIDEL ALEGRE FERNANDEZ ROSADO<br>Debtor - Appellant | Lyssette A. Morales, Bankruptcy Counsel<br>Direct: 787-746-2434<br>[COR NTC Retained]<br>L.A. Morales & Associates P.S.C.<br>Firm: 787.746.2434<br>76 Calle Aquamarina Urb Villa Blanca<br>Caguas, PR 00725-1908<br><br>Daniel Mark Press, Attorney<br>Direct: 703-734-3800<br>[COR NTC Retained]<br>Chung & Press, P.C.<br>6718 Whittier Ave. Ste. 200<br>McLean, VA 22101 |

v.

| | |
|---|---|
| CELEDONIO CORREDERA PABLOS<br>Creditor - Appellee | Eduardo J. Corretjer-Reyes<br>Direct: 787-751-4618<br>[COR NTC Retained] |

|  | Bufete Roberto Corretjer Piquer<br>Firm: 787.751.4618<br>625 Ponce de Leon Ave.<br>San Juan, PR 00917-3111 |
|---|---|
| PABLO LOPEZ BAEZ<br>Creditor - Appellee | Wilfredo A. Geigel, Sr., Attorney<br>Direct: 340-778-8069<br>[COR NTC Retained]<br>Law Offices of Wilfredo A. Geigel<br>PO Box 25749<br>Christiansted, VI 00824 |
| EMMA TERESA BENITEZ<br>Creditor - Appellee | Wilfredo A. Geigel, Sr., Attorney<br>Direct: 340-778-8069<br>[COR NTC Retained]<br>(see above) |
| OSIRIS DELGADO<br>Creditor - Appellee | Wilfredo A. Geigel, Sr., Attorney<br>Direct: 340-778-8069<br>[COR NTC Retained]<br>(see above) |

In re: RIDEL ALEGRE FERNANDEZ ROSADO

    Debtor

---

RIDEL ALEGRE FERNANDEZ ROSADO

    Debtor - Appellant

v.

CELEDONIO CORREDERA PABLOS; PABLO LOPEZ BAEZ; EMMA TERESA BENITEZ; OSIRIS DELGADO

    Creditors - Appellees

| 10/14/2011 | 📄 | Received Notice of Appeal filed at U.S. Bankruptcy Court, District of Puerto Rico on 10/12/2011, transmittal form, FILED. [11-81] CM/ECF: Counsel must register for a First Circuit BAP CM/ECF Appellate Filer Account at http://pacer.psc.uscourts.gov/cmecf. Counsel shall also review the BAP's requirements for electronic filing by visiting the BAP's PACER/CMECF Information section at http://bap1.uscourts.gov. Pro se parties may not file documents electronically. |
|---|---|---|
| 11/08/2011 | 📄 | Complete Certificate of Readiness received from U.S. Bankruptcy Court, District of Puerto Rico.[11-81] |

| 11/16/2011 | | OPENING LETTER: Notice to Clerk, U.S. Bankruptcy Court, District of Puerto Rico and all parties RE: BAP No. PR 11-081 assigned. [11-81] |
| --- | --- | --- |
| 11/16/2011 | | Certificate of Readiness docketed. [11-81] |
| 11/16/2011 | | BRIEFING ORDER ENTERED: Brief due 11/30/2011 for Appellant Ridel Alegre Fernandez Rosado. Appellees' briefs due 12/14/2011 for Emma Teresa Benitez, Celedonio Corredera Pablos, Osiris Delgado, Pablo Lopez Baez. Reply brief due 12/28/2011 for Appellant Ridel Alegre Fernandez Rosado [11-81] |
| 11/25/2011 | | Appearance filed by Attorney Mr. Daniel Mark Press for Appellant Ridel Alegre Fernandez Rosado [11-81] |
| 11/30/2011 | | Brief filed by Appellant Ridel Alegre Fernandez Rosado [11-81] |
| 11/30/2011 | | Appellant Ridel Alegre Fernandez Rosado appendix filed. [11-81] |
| 12/21/2011 | | ORDER ENTERED. As Appellees Emma Teresa Benitez, Celedonio Corredera Pablos, Osiris Delgado and Pablo Lopez Baez have failed to file briefs, appellees will not be heard at oral argument except by permission of the court. [11-81] |
| 03/06/2012 | | ORAL ARGUMENT SCHEDULING ORDER ENTERED. This case is scheduled for oral argument on 04/13/2012 at 09:30 am, Toledo U.S. Courthouse, San Juan, PR. [11-81] |
| 03/06/2012 | | Notice of Oral Argument. Oral Argument Set for 9:30 a.m., 04/13/2012, Toledo U.S. Courthouse, San Juan, PR. Response to notice deadline is 3/20/12. [11-81] |
| 03/15/2012 | | AMENDED ORAL ARGUMENT SCHEDULING ORDER ENTERED. PR 11-088, 11-089 added to calendar. [11-81] |
| 03/19/2012 | | Confirmation of oral argument filed by Appellant Ridel Alegre Fernandez Rosado [11-81] |
| 04/09/2012 | | Notice of Oral Argument. This is case is scheduled for oral argument 04/13/2012 at 09:30 am in San Juan, PR. [11-81] |
| 04/13/2012 | | BOROFF, DEASY and BAILEY U.S. Bankruptcy Appellate Panel Judges. APPEAL ARGUED AND SUBMITTED THIS DAY. [11-81] |
| 06/29/2012 | | BOROFF, DEASY and BAILEY, U.S. Bankruptcy Appellate Panel Judges: Opinion issued. Reversed and Remanded. Unpublished. Per curiam. [11-81] |
| 06/29/2012 | | BOROFF, DEASY and BAILEY, U.S. Bankruptcy Appellate Panel Judges: JUDGMENT FILED AND ENTERED. [11-81] |

NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY APPELLATE PANEL
# FOR THE FIRST CIRCUIT

BAP NO. PR 11-081

Bankruptcy Case No. 07-05871-ESL

RIDEL ALEGRE FERNÁNDEZ ROSADO,
Debtor.

RIDEL ALEGRE FERNÁNDEZ ROSADO,
Appellant,

v.

CELEDONIO CORREDERA PABLOS,
PABLO LÓPEZ BÁEZ, EMMA TERESA BENÍTEZ,
and OSIRIS DELGADO,
Appellees.

Appeal from the United States Bankruptcy Court
for the District of Puerto Rico
(Hon. Enrique S. Lamoutte, U.S. Bankruptcy Judge)

Before
Boroff, Deasy, and Bailey,
U.S. Bankruptcy Appellate Panel Judges.

Daniel M. Press, Esq., on brief for Appellant.

June 29, 2012

**Per curiam.**

Ridel Alegre Fernández Rosado (the "Debtor") appeals from a judgment issued by the United States Bankruptcy Court for the District of Puerto Rico dismissing his case (the "Judgment"). The Debtor contends that the bankruptcy court erred in ruling on the motion to dismiss brought under § 707(a) as it had become moot due to his intervening discharge.[1] Alternatively, the Debtor argues that the bankruptcy court erred because bad faith does not constitute cause for dismissal under § 707(a). As the Panel concludes both that the appellees lacked standing to pursue dismissal and the motion to dismiss was moot, we **REVERSE** the Judgment and **REMAND** the matter to the bankruptcy court for proceedings consistent with this opinion.

## BACKGROUND

The Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code on October 9, 2007.[2] Thereafter, creditors Juan Botello ("Botello"), Pablo López Báez ("López"), Dr. Osiris Delgado ("Delgado"), Emma Teresa Benítez ("Benítez") and Celedonio Corredera Pablos ("Corredera") (all but Botello will be collectively referred to as the "Appellees") filed complaints seeking to except their claims from discharge pursuant to § 523. The bankruptcy court ultimately ruled that the adversary proceedings were time-barred. No

---

[1] Unless otherwise indicated, the terms "Bankruptcy Code," "section" and "§" refer to Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 37. All references to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure, and all references to "Rule" are to the Federal Rules of Civil Procedure.

[2] A more extensive background of this case is set forth in a prior opinion. See Ridel Alegre Fernández Rosado v. Corredera (In re Fernández Rosado), No. PR 10-080, 2011 WL 4572021 (B.A.P. 1st Cir. Dec. 1, 2010).

party, including the Appellees, timely filed a complaint seeking denial of the Debtor's discharge under § 727.

On January 8, 2009, the chapter 7 trustee filed a report of no distribution in which he explained that there was no property available for distribution to creditors and certified that he had fully administered the estate (the "Report"). On April 9, 2009, the Debtor filed both a certification that he completed a personal financial management instructional course and a motion requesting the entry of his discharge.

On April 28, 2009, before the bankruptcy court ruled on the Debtor's motion, the Appellees filed a motion to dismiss the Debtor's case pursuant to § 707(a) on the ground that the Debtor had filed his petition in bad faith (the "Dismissal Motion"). On May 16, 2009, the Debtor filed a second motion requesting entry of the discharge. On May 29, 2009, the bankruptcy court entered orders denying both of the Debtor's motions for entry of the discharge and granting the Dismissal Motion.

On June 1, 2009, the Debtor sought reconsideration of the case dismissal and the court subsequently held an evidentiary hearing on the Dismissal Motion. On December 1, 2010, the bankruptcy court issued its Opinion and Order (the "First Bankruptcy Court Opinion"), reinstating the case dismissal on the grounds that the Debtor had filed his bankruptcy petition in bad faith under § 707(a). The Debtor appealed, and on August 10, 2011, the Panel issued a Judgment reversing the order denying the Debtor's requests for entry of discharge and remanding the matter for the entry of the Debtor's discharge (the "First BAP Opinion"). As neither the Appellees nor the bankruptcy court had the benefit of the First BAP Opinion when proposing or ruling on the Dismissal Motion, respectively, the Panel vacated the order

3

dismissing the case and remanded the Dismissal Motion for a redetermination in light of the First BAP Opinion.

On August 25, 2011, the Debtor filed a new request for entry of the discharge and the bankruptcy court entered the discharge on August 26, 2011. On August 29, 2011, the Debtor filed a motion seeking that the court deny the Dismissal Motion which had been remanded by the Panel.[3] In support of his Opposition, the Debtor asserted that, pursuant to Bankruptcy Rule 5009(a) and § 350(a),[4] his case was presumed to be fully administered and should be closed because more than two years had lapsed since the chapter 7 trustee filed the unopposed Report. He further argued that the Dismissal Motion was moot under applicable case law. The Appellees did not file a response to the Opposition.

At the September 30, 2011 hearing on the Dismissal Motion and the Debtor's Opposition, the bankruptcy judge first explained that he was not going to revoke the newly entered discharge order of August 26. He then engaged the parties in a colloquy regarding whether the case should be dismissed for the reasons set forth in the First Bankruptcy Court Opinion. The Debtor offered that, pursuant to case law, the entry of the discharge effectively mooted the Dismissal Motion. Although the Appellees agreed that the Dismissal Motion had

---

[3] For ease of exposition, we will hereafter refer to this motion by the Debtor as his "Opposition."

[4] Bankruptcy Rule 5009(a) provides, in part, that if a chapter 7 trustee files an unopposed final report and final account, "there shall be a presumption that the estate has been fully administered." Fed. R. Bankr. P. 5009(a). Section 350(a) provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a).

4

become moot,[5] they were unwilling to withdraw the Dismissal Motion. The bankruptcy court then issued the following Minutes of Proceeding:[6]

> 1) Court thinks and concludes that the discharge order does not moot the motion to dismiss before this court, irrespective of whether 11 U.S.C. § 349(b) renders or not ineffective a discharge order entered prior to dismissal.
>
> 2) The Court reaffirms its opinion and order entered on December 1, 2010 (dct # 125 [First Bankruptcy Court Opinion]). Judgment will be entered accordingly . . . .

The Debtor timely filed an appeal of the Judgment dismissing the case. In his brief, he argued that the entry of his discharge mooted the Dismissal Motion or alternatively, that the bankruptcy court erred in concluding that bad faith constitutes cause under § 707(a). At oral argument, he explained that there was no basis to dismiss the case once the discharge had entered and that a dismissal after discharge would prejudice the Debtor because it lends uncertainty to the validity of his discharge. He also explained that dismissing the case could adversely affect him were he to file another case within a year. See 11 U.S.C. § 362(c)(3). The Appellees neither filed a brief nor appeared at oral argument.

## JURISDICTION

The bankruptcy appellate panel has jurisdiction to hear appeals from "final judgments, orders, and decrees" pursuant to 28 U.S.C. § 158(a)(1) or, "with leave of the court, from interlocutory orders and decrees" pursuant to 28 U.S.C. § 158(a)(3). Fleet Data Processing

---

[5] At the hearing, counsel for the Appellees stated, "I think the issue really turns then into a moot issue, since the Motion to Dismiss is not going to alter the Court's ruling on the entry of the discharge."

[6] The docket reflects that the bankruptcy court issued the Judgment disposing of the Dismissal Motion on September 30, 2011, but never issued an order with respect to what we have called the Opposition, but which the Debtor presented as a motion. We assume that the bankruptcy court recognized, as do we, that the Debtor's motion was really just an objection to the Dismissal Motion and not a separate motion in its own right.

5

Corp. v. Branch (In re Bank of New England Corp.), 218 B.R. 643, 645 (B.A.P. 1st Cir. 1998). As an order dismissing a case is a final order, the Panel has jurisdiction to consider the Judgment. See Neary v. Padilla (In re Padilla), 222 F.3d 1184, 1188 (9th Cir. 2000) (explaining order dismissing chapter 7 was final order).

## STANDARD OF REVIEW

Appellate courts reviewing decisions of the bankruptcy court generally apply *de novo* review to conclusions of law and the "clearly erroneous" standard to findings of fact. See Aja v. Emigrant Funding Corp. (In re Aja), 442 B.R. 857, 860 (B.A.P. 1st Cir. 2011). "A bankruptcy court's order dismissing a debtor's case should be overturned only if the debtors establish that the bankruptcy court committed a clear abuse of discretion." Roberts v. Boyajian (In re Roberts), 279 B.R. 396, 399 (B.A.P. 1st Cir. 2000) (citing Roumeliotis v. Popa (In re Popa), 214 B.R. 416, 418 (B.A.P. 1st Cir. 1997), aff'd, 140 F.3d 317 (1st Cir. 1998). "A court abuses its discretion if it does not apply the correct law or if it rests its decision on a clearly erroneous finding of material fact." De Jounghe v. Lugo Mender (In re De Jounghe), 334 B.R. 760, 765 (B.A.P. 1st Cir. 2005).

## DISCUSSION

At the hearing on the Dismissal Motion and the Opposition, the bankruptcy court explained that it would not revoke the Debtor's newly entered discharge, a result which is consistent with applicable case law. See, e.g., Pavelich v. McCormick, Barstow, Sheppard, Wayte & Carruth LLP (In re Pavelich), 229 B.R. 777, 780 (B.A.P. 9th Cir. 1999) (concluding a dismissal order does not automatically revoke a Debtor's discharge); In re Bevan, No. 00-53249, 2011 WL 2161737, *3 (Bankr. N.D. Cal. May 31, 2011) (same). Both the Debtor and the Appellees then agreed that the Dismissal Motion was moot. The record reflects that by the

hearing date, the Debtor had received his discharge, the case had been fully administered, and the deadlines for bringing actions under §§ 523 or 727 or moving to dismiss for bad faith under § 707(b) had long since expired. There were no matters pending preventing the case from being closed other than the pendency of the Dismissal Motion.[7]

Before we go further, however, we must consider the issue of the Appellees' standing to pursue the Dismissal Motion after remand. See, e.g., Weaver's Cove Energy, LLC v. R.I. Coastal Res. Mgmt. Council, 589 F.3d 458, 467 (1st Cir. 2009) (explaining that a court must review a party's standing in order to determine its jurisdiction regardless of whether the parties raise the issue); Great Road Serv. Ctr., Inc. v. Golden (In re Great Road Serv. Ctr., Inc.), 304 B.R. 547, 550 (B.A.P. 1st Cir. 2004) ("[Q]uestions of standing must be considered *sua sponte* as it is akin to subject matter jurisdiction." (quoting In re Toms, 229 B.R. 646, 649 (Bankr. E.D. Pa. 1999)); Torres Martinez v. Rivera Arce (In re Torres Martinez), 397 B.R. 158, 163 (B.A.P. 1st Cir. 2008) ("[S]tanding is a jurisdictional issue that may be raised at any time.").

"When a plaintiff alleges injury to rights conferred by statute, two separate standing-related inquiries pertain: whether the plaintiff has Article III standing (constitutional standing) and whether the statute gives that plaintiff authority to sue (statutory standing)." Katz v. Pershing, LLC, 672 F.3d 64, 75 (1st Cir. 2012).[8] If there is no constitutional standing, the court

---

[7] As one court explained, "[t]here is a difference between dismissing and closing a case. If a case is dismissed, the case is not fully administered. Actions taken may be undone. . . . None of this occurs if a case is closed. A case is closed after the estate is fully administered. Avoided transfers and liens remain avoided. Property of the estate that was transferred remains transferred." In re Chaudhry, 411 B.R. 282, 283 (Bankr. E.D. Va. 2009) (internal citations omitted).

[8] "A party that lacks standing to support jurisdiction in an Article III court also lacks standing for that claim to be adjudicated by a bankruptcy court." Wells Fargo Bank, N.A. v. Stewart (In re Stewart), 647 F.3d 553, 557 (5th Cir. 2011).

7

lacks subject matter jurisdiction. Id. "By contrast, statutory standing goes to the merits of the claim." Id. We must consider constitutional standing before statutory standing. Id.

Constitutional standing stems from the limitation that federal courts have jurisdiction over only actual cases and controversies. Id. at 71. A case or controversy exists when the party soliciting jurisdiction has a personal stake in the outcome. Id. "To satisfy the personal stake requirement, a plaintiff must establish each part of a familiar triad: injury, causation, and redressability." Id. With respect to the third element, the Appellees would need to show that a resolution of the dispute favorable to them would redress the alleged injury. Id. at 72.

In addition to the "familiar triad," the Appellees would have to establish the prudential components of standing. Id. These components "'ordinarily require a plaintiff to show that his claim is premised on his own legal rights (as opposed to those of a third party), that his claim is not merely a generalized grievance, and that it falls within the zone of interests protected by the law invoked.'" Id. (quoting Pagán v. Calderón, 448 F.3d 16, 27 (1st Cir. 2006)).

When they initially filed the Dismissal Motion in April 2009, the Appellees were creditors of the Debtor. They had alleged the Debtor caused their injury. Dismissal at that juncture would have given them redress in the form of a release of the restrictions of the automatic stay and avoidance of any possibility that their claims would be discharged. Standing was not at issue.

When the bankruptcy court considered the Dismissal Motion upon remand, however, the circumstances had changed significantly. At that point, the Debtor had received his discharge and the case had been fully administered without a distribution to creditors. The Appellees considered the Dismissal Motion moot and at the hearing did not offer any relief that they might

obtain. Accordingly, the Panel cannot identify any effective relief that would follow from a favorable ruling on the Dismissal Motion.

In fact, the Appellees could be potentially harmed if the case were dismissed as opposed to closed. That is, under § 350(b) only a case that has been closed, as opposed to dismissed, can be reopened under § 350.[9] See Pingaro v. Ameriquest Mtg. Co. (In re Pingaro), No. MB 08-025, 2008 WL 8664764, *2 (B.A.P. 1st Cir. Aug. 14, 2008); see also Bernegger v. King, No. 10-CV-1158, 2011 WL 2518788, *1 (E.D. Wis. Jun. 23, 2011); In re Archer, 264 B.R. 165, 168 (Bankr. E.D. Va. 2001).[10]

Likewise, § 362(c)(3) would provide the Appellees no relief were the case dismissed instead of closed.[11] In brief, that statute provides that if the Debtor files for bankruptcy within

---

[9] Section 350(b) provides that a "case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b).

[10] If the Debtor needed to seek relief to enforce the discharge, however, he could obtain that relief in the bankruptcy court notwithstanding a dismissal. See, e.g., In re Pavelich, 229 B.R. at 781 ("The procedural alternative [to reopening] is merely to make a motion or file an adversary proceeding on a retained jurisdiction theory in a dismissed case.").

[11] That section provides, in relevant part:

(c) Except as provided in subsections (d), (e), (f), and (h) of this section— . . .
   (3) if a single or joint case is filed by or against a debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b)—
      (A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case;
      (B) on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors (subject to such conditions or limitations as the court may then impose) after notice and a hearing completed before the expiration of the 30-day period only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed; . . .

11 U.S.C. § 362(c)(3).

one year after dismissal, the stay with respect to any action on a debt or lease would terminate after 30 days unless he were to obtain a continuation by demonstrating the case filing was in good faith.[12] This provision, however, would not apply to the Appellees because they would not be creditors of the Debtor in a subsequent filing. Rather, the shortened stay would only apply to hypothetical non-existent creditors whose rights we need not consider.

We conclude that there is no constitutional standing because of the lack of redressability. But even were we not to have reached that conclusion, we would have been required to view favorably the Debtor's argument regarding mootness. "Mootness is an extension of the U.S. Constitution's requirement of standing. . . . 'Mootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief.'" B-Line, LLC v. Wingerter (In re Wingerter), 594 F.3d 931, 936 (6th Cir. 2010); see also Horizon Bank & Trust Co. v. Mass. Dept. of Rev, 391 F.3d 48, 53 (1st Cir. 2004) ("A case is moot when the issues are no longer live or the parties no longer have a legally cognizable interest in the outcome."). In considering mootness, a court must determine whether a controversy exists given the intervening events. In re Wingerter, 594 F.3d at 936.

The small number of cases that have addressed the effect of motion to dismiss under § 707 brought after the entry of discharge support the Debtor's position on appeal. See In re Russo, No. 07-17525bf, 2008 WL 5412106, * 4 (Bankr. E.D. Pa. Sept. 11, 2008) ("Nonetheless, such a dismissal motion [§ 707(a)] serves little, if any, valid purpose if filed after the entry of the chapter 7 discharge, unless the discharge can otherwise be revoked."); In re Morgan, 290 B.R. 246, 249 (Bankr. D. Del. 2003) ("Even where a motion to dismiss has merit, the failure to file

---

[12] The Panel has interpreted this subsection to affect a partial rather than complete termination of the automatic stay. See Jumpp v. Chase (In re Jumpp), 356 B.R. 789, 796 (B.A.P. 1st Cir. 2006).

and prosecute it before a discharge is entered renders it moot."); In re Rodwell, 280 B.R. 100, 102 (Bankr. D.N.J. 2002) (denying dismissal post-discharge because ineffective and potentially prejudicial to creditors); In re Pharao, 2000 WL 1449846, *2 (Bankr. E.D. Va. 2000) (revoking dismissal *sua sponte* as dismissal "accomplish[ed] nothing useful"); In re Rodriguez, 255 B.R. 118 (Bankr. S.D.N.Y. 2000) (ruling post-discharge dismissal ineffective and directing trustee to further investigate debtor's assets); In re Adams, 203 B.R. 240, 241 (Bankr. E.D. Va. 1996) (denying post-discharge § 707(a) motion as moot); In re Cronk, 124 B.R. 759 (Bankr. N.D. Ill. 1990) (declining to dismiss under § 707(b) because it would not effect discharge).

In this case, the Appellees agreed at the September 30, 2011 hearing before the bankruptcy court that the Dismissal Motion was moot. Based on the discussion above, we would have to agree. The Appellees would receive no benefit in this case or in any potential future case the Debtor might file by dismissing this case.

## CONCLUSION

Based upon the foregoing, it is apparent that the Appellees lacked constitutional standing to pursue the Dismissal Motion upon remand. Moreover, at that point, the Dismissal Motion was moot. Accordingly, it was an error of law to grant the Dismissal Motion. For these reasons, we **REVERSE** the Judgment and **REMAND** the matter to the bankruptcy court for proceedings consistent with this opinion.[13]

---

[13] Administration having been completed, we now see no obstacle to the case being closed.

# UNITED STATES BANKRUPTCY APPELLATE PANEL
# FOR THE FIRST CIRCUIT

BAP NO. PR 11-081

Bankruptcy Case No. 07-05871-ESL

RIDEL ALEGRE FERNÁNDEZ ROSADO,
Debtor.

RIDEL ALEGRE FERNÁNDEZ ROSADO,
Appellant,

v.

CELEDONIO CORREDERA PABLOS,
PABLO LÓPEZ BÁEZ, EMMA TERESA BENÍTEZ,
and OSIRIS DELGADO,
Appellees.

## JUDGMENT

This cause came to be heard from the United States Bankruptcy Court for the District of Puerto Rico. Upon consideration whereof, and in accordance with the Opinion entered of even date, it is now hereby **ORDERED AND ADJUDGED** that the bankruptcy court's judgment dismissing the case of Ridel Alegre Fernández Rosado is **REVERSED** and the matter is **REMANDED** to the bankruptcy court for proceedings consistent with this opinion.

FOR THE PANEL:

Dated: June 29, 2012         By:   /s/ Mary P. Sharon
                                    Mary P. Sharon, Clerk

[cc: Hon. Enrique S. Lamoutte, and Clerk, U.S. Bankruptcy Court, District of Puerto Rico; and Daniel Press, Esq., Eduardo Corretjer-Reyes, Esq., Wilfredo Geigel, Esq., Lyssette Morales, Esq.]

1